b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXNADRIA DIVISION

HERBERT HINES,                          CIVIL DOCKET NO. 1:19-CV-00284
Petitioner

VERSUS                                  DISTRICT JUDGE DRELL

CALVIN JOHNSON, et al.,
Respondents                             MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

Plaintiff Herbert Hines ("Hines") filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. In summary, he asks the Court to "vacate" the revocation of his parole.

However, because there is "some evidence" to support the decision of the United States Parole Commission ("USPC") to revoke Hines's parole, the petition should be DENIED.

## I.  Background.

In June 1994, Hines was sentenced in the District of Columbia to an "indeterminate sentence" of 14 to 42 years for "second degree murder while armed." ECF No. 21-1 at 2. While serving that sentence, Hines was convicted of another offense in a United States District Court for the Eastern District of Virginia: assaulting a correctional officer. He was sentenced to 51 months of imprisonment

and two years of supervised release, to run consecutively to his previous sentence.[1] ECF No. 21-1 at 3, 5.

As to Hines's murder conviction, the USPC granted parole effective on May 29, 2010. ECF No. 21-1 at 10, 17. Thus, on May 29, 2010, Hines began serving his 51-month sentence for assaulting a correctional officer. ECF No. 21-1 at 6. On February 7, 2014, Hines was released to serve 2 years of supervised release for assaulting a correctional officer as well as the remainder of his parole term (16 years, 7 months, and 28 days). ECF No. 21-1 at 5-6, 17, 23.

But soon, Hines's parole officer issued a letter of reprimand because he was violating parole by using heroin and other drugs. *United States v. Hines*, 1:96-CR-00264, ECF No. 74 (E.D. Va.). On June 29, 2015, Hines's parole officer obtained a warrant for his arrest, averring that Hines was using drugs and had committed second degree murder (of Stephon Clark) on May 22, 2015.[2] ECF No. 21-1 at 12-15; *United States v. Hines*, 1:96-CR-00264, ECF No. 74 (E.D. Va.).

In September 2016, Hines was acquitted by a jury of Voluntary Manslaughter.[3] ECF No. 21-1 at 17; ECF No. 36-1. Hines was then arrested in

---

[1] *United States v. Hines*, 1:96-CR-00264 (E.D. Va. 1996).

[2] Hines was eventually only indicted and tried for voluntary manslaughter, not for second degree murder. ECF No. 36-1 at 16.

[3] Hines raised the defense of self-defense at his trial. ECF No. 36-1 at 17. There is no evidence before the Court to show whether Hines was acquitted on that defense or for some other reason.

2

October 2016 for violation of his supervised release, and transferred to the Eastern District of Virginia. *United States v. Hines*, 1:96-CR-00264, ECF No. 74 (E.D. Va.). ECF No. 2101 at 17. After the conclusion of that proceeding, Hines was arrested again in December 2016 for his parole violations and transferred to the District of Columbia.

After a final parole revocation hearing on April 6, 2017, the USPC found Hines had violated his parole by using dangerous and habit-forming drugs (based on Hines's admission) and by committing the voluntary manslaughter of Stephon Clark[4] (based on the testimony of witnesses Mahoney and Green). ECF No. 21-1 at 21-43. Hines's parole was revoked and he was ordered to complete his full sentence of imprisonment "until expiration [of the sentence]." ECF No. 21-1 at 43-45.

Hines appealed to the National Appeals Board for the USPC. The National Appeals Board affirmed the finding that Hines had committed voluntary manslaughter, but modified the USPC's order from imprisonment "until expiration [of the sentence]," to imprisonment until the "presumptive parole date of March 26, 2026 after service of 130 months." ECF No. 21-1 at 48.

Hines then filed this petition for writ of *habeas* corpus (ECF No. 1). Hines raises the following grounds for relief:

1. The Government violated the doctrine of collateral estoppel by relitigating, before the USPC, an issue that had already been litigated and decided by the Eastern District of Virginia.

---

[4] Hines had previously been tried for the murder of Clark and was acquitted.

2. The Government violated Hines's due process rights by failing to provide a constitutionally sufficient statement of reasons for revoking his parole.

3. The Hearing Examiner violated Hines's due process rights by misstating and misapplying the law of self-defense.

4. The USPC violated Hines's due process rights by relying on an acquittal that removed all factual support for Hines's revocation.

Ultimately, Hines seeks to have the Court "vacate his parole revocation with prejudice" and "order his release." ECF No. 1 at 25.[5]

## II.    Law and Analysis

### A.    The doctrine of collateral estoppel does not apply to parole proceedings.

Hines argues the Government violated the doctrine of collateral estoppel by relitigating an issue that had already been decided by the Eastern District of Virginia. Hines also contends the USPC violated Hines's due process rights by relying on an acquittal that removed all factual support for Hines's revocation.

The Court's review of the decisions of the USPC is quite circumscribed. *See Villarreal*, 985 F.2d 835, 839 (5th Cir. 1983). "This Court cannot disturb a decision by the Commission setting the time for parole release absent a showing that the action is 'flagrant, unwarranted, or unauthorized.'" *Maddox v. United States Parole Commission,* 821 F.2d 997, 1000 (5th Cir. 1987) (citing *Page v. United States Parole*

---

[5] A hearing was held on the issues presented in this case. ECF No. 27. Post-hearing briefs were filed. ECF Nos. 35, 36.

*Commission,* 651 F.2d 1083, 1085 (5th Cir. 1981), and *United States v. Norton,* 539 F.2d 1082, 1083 (5th Cir.1976), *cert. denied,* 429 U.S. 1103 (U.S. 1977)).

Rather, "[s]o long as due process requirements are observed and the Commission has acted within its statutory authority, [the Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress. Although the Commission's decisions must have a factual basis, judicial review is limited to whether there is 'some evidence' in the record to support the Commission's decision." *Maddox,* 821 F.2d at 1000; *see also Villarreal*, 985 F.2d at 839. Once that minimum threshold is met, the Court must affirm. *See Villarreal*, 985 F.2d at 839 (citing *Maddox,* 821 F.2d at 1000).

Congress has given the Parole Commission absolute discretion concerning matters of parole. *See Maddox*, 821 F.2d at 999 (citing *Tarlton v. Clark,* 441 F.2d 384, 385 (5th Cir. 1971), cert. den., 403 U.S. 934 (1971)). Congress has dictated that the Parole Commission may use all relevant, available information in making parole determinations. *See Maddox*, 821 F.2d at 999. The regulations provide: "The Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the

5

information and afforded an opportunity to respond." *See Maddox*, 821 F.2d at 999 (citing 28 C.F.R. § 2.19).[6]

The Commission may consider dismissed counts of an indictment, hearsay evidence, and allegations of criminal activity for which the prisoner has not even been charged. *See Maddox*, 821 F.2d at 999. It is not the function of the courts to review the discretion of the Board in the denial of application for parole or to review the credibility of reports and information received by the Board in making its determination. *See Tarlton,* 441 F.2d at 385. The courts are without power to

---

[6] 28 C.F.R. § 2.19(c) states:

    (c) The [United States Parole] Commission may take into account any substantial information available to it in establishing the prisoner's offense severity rating, salient factor score, and any aggravating or mitigating circumstances, provided the prisoner is apprised of the information and afforded an opportunity to respond. If the prisoner disputes the accuracy of the information presented, the Commission shall resolve such dispute by the preponderance of the evidence standard; that is, the Commission shall rely upon such information only to the extent that it represents the explanation of the facts that best accords with reason and probability. **If the Commission is given evidence of criminal behavior that has been the subject of an acquittal in a federal, state, or local court, the Commission may consider that evidence if**:

        (1) The Commission finds that it cannot adequately determine the prisoner's suitability for release on parole, or to remain on parole, unless the evidence is taken into account;
        (2) The Commission is satisfied that the record before it is adequate notwithstanding the acquittal;
        (3) The prisoner has been given the opportunity to respond to the evidence before the Commission; and
        (4) The evidence before the Commission meets the preponderance standard.

In any other case, the Commission shall defer to the trial jury. Offense behavior in Category 5 or above shall presumptively support a finding under paragraph (c)(1) of this section. [Emphasis added.]

grant a parole or to determine (judicially) eligibility for parole. *See Tarlton*, 441 F.2d at 385.

Hines was charged with the voluntary manslaughter of Stephon Clark in the District of Columbia. He was tried and acquitted. Hines contends it violates the doctrine of estoppel for the USPC to revoke his parole pursuant to a criminal charge of which he was acquitted.

"It is well established that the Parole Commission may consider evidence of parole violations even though such evidence was also considered by a criminal prosecuting authority that ultimately decided to dismiss criminal charges based on the same alleged conduct." *Villarreal*, 985 F.2d at 839; *see also Else v. Johnson*, 104 F.3d 82 (5th Cir.1997). "To lawfully revoke parole, the government is not required to have an arrest, a charge, and ultimately a conviction for a new criminal offense. Instead, the Commission may consider evidence of dismissed state charges and charges that were subsequently overturned, as long as the acquittal or dismissal did not, as a matter of law, remove all factual support from the parole revocation." *Fillingham v. United States*, 867 F.3d 531, 537–38 (5th Cir. 2017), cert. den., 138 S. Ct. 1035 (U.S. 2018) (citing *Else*, 104 F.3d at 83); *see also Osborne v. United States District Court, Southern District of Mississippi, Biloxi, MS*, 132 F.3d 1456, 1456 (5th Cir. 1997) ("Conviction of a criminal charge is not a constitutional prerequisite to the revocation of parole.") (citing *Amaya v. Beto*, 424 F.2d 363, 364 (5th Cir. 1970)); *Else*, 104 F.3d at 83; *Crawford v. Barry*, 1996 WL 734096, at *1 (D.C. Cir.

1996) ("[I]t was proper for the Board to consider the charge of which appellant was acquitted."); *Seymore v. Beto*, 383 F.2d 384 (5th Cir. 1967) (upholding a probation revocation based on a charge that was subsequently dismissed for insufficient evidence on motion of the state); *see also Whitehead v. United States Parole Commission,* 755 F.2d 1536, 1537 (11th Cir. 1985) ("[E]ven if there had been an acquittal on the criminal charge, the conduct can be the basis of the parole revocation. . . . [T]he Commission need only determine that a preponderance of the evidence supports the parole violation. . . ."); *Mullen v. United States Parole Commission,* 756 F.2d 74, 75 (8th Cir. 1985) (holding dismissal of criminal charges for "lack of prosecutorial merit" did not bar independent fact-finding by the Commission).

The Fifth Circuit has declined to extend the protections of the Double Jeopardy Clause or collateral estoppel to parole revocation proceedings. *See Parr v. Quarterman*, 472 F.3d 245, 254 (5th Cir. 2006), cert. den., 551 U.S. 1133 (2007); *see also Bursey v. Quarterman*, 2007 WL 2402994, at *4 (N.D. Tex. 2007). Therefore, Hines's argument that the USPC violated the doctrine of estoppel, by relitigating the issue of whether Hines's committed voluntary manslaughter, is meritless.

**B.** <u>There is some evidence to support the USPC's decision to revoke Hines's parole.</u>

Hines also contends the USPC violated Hines's due process rights by relying on an acquittal that removed all factual support for Hines's parole revocation on the basis of committing voluntary manslaughter.

"[P]arole and probation revocation proceedings are not designed to punish a criminal defendant for violation of a criminal law. The purpose of parole and probation revocation proceedings is to determine whether a parolee or probationer has violated the conditions of his parole or probation." *See United States v. Whitney,* 649 F.2d 296, 298 (5th Cir. 1981).

"A criminal prosecution—governed by the reasonable doubt standard—and a parole revocation hearing are two very different proceedings. In the latter, the Government's 'burden of proof' is considerably less." *See Villarreal*, 985 F.2d at 839 (citing *Maddox,* 821 F.2d at 999; *Mullen,* 756 F.2d at 75; *Whitehead,* 755 F.2d at 1537). The burden of proof in a parole revocation hearing is by a preponderance of the evidence, a considerably lower standard than reasonable doubt which governs criminal trials. *See Dudley v. Davis*, 2016 WL 5661708, at *7 (S.D. Tex. 2016) (citing *Villarreal*, 985 F.2d at 839). A criminal acquittal does not necessarily mean that the defendant did not commit the acts alleged; it means simply that the factfinder concluded that the prosecution failed to prove guilt beyond a reasonable doubt. *See Hodges v. Trinci*, 2013 WL 6564609, at *3 (S.D. Tex. 2013).

9

All that is required for revocation is that the evidence and facts reasonably demonstrate that the person's conduct has not been as good as required by the terms and conditions of his release. *See Dudley*, 2016 WL 5661708, at *7 (citing *Mack v. McCune,* 551 F.2d 251, 254 (10th Cir. 1977)). And due process only requires that there be "some evidence" in the record to support the decision to revoke parole. *See Dudley*, 2016 WL 5661708, at *7 (citing *Villarreal*, 985 F.2d at 839).

Hines contends his acquittal from the criminal charge of voluntary manslaughter removed all factual support for revoking his parole revocation on that basis, and that the USPC erred in re-evaluating the same evidence on which he was acquitted by the court. Hines further contends the USPC Hearing Examiner violated Hines's due process rights by misstating and misapplying the law of self-defense.

The proceedings in which Hines was acquitted of voluntary manslaughter are not published and have not been provided to the Court. Although the arguments and jury instructions were provided to the Court by Defendant (ECF No. 35), the testimony and the jury's verdict were not provided. Therefore, the Court cannot make a determination as to whether Hines's acquittal, on the same charge of which the USPC found him guilty, as a matter of law removed all factual support from the parole revocation, even under a lesser burden of proof.

For purposes of this Court's limited review of Hines's parole revocation, it does not matter whether the USPC erred in finding Hines's committed voluntary manslaughter. Nor does it matter whether the Hearing Examiner misstated or misapplied the law of self-defense.

Hines's parole revocation was not based solely on the finding that he committed manslaughter. As another basis for revocation, the UPSC *also* found that Hines had used illegal drugs on multiple occasions, a finding that was supported by Hines's own admissions. Therefore, even if the USPC erred in considering evidence as to whether Hines committed voluntary manslaughter, there is still "some [other] evidence" to support the USPC's revocation of Hines's parole. Compare *Fillingham*, 867 F.3d at 538 ("The Commission also considered evidence of violations of the terms of parole aside from the United Kingdom conviction, which would have supported a revocation of Fillingham's parole."); *Osborne,* 132 F.3d at 1456 (evidence of Osborne's cocaine use and his possession-of-marijuana conviction were "some evidence" to support his parole revocation, aside from his dismissed possession of cocaine charge); *Bradley v. Fairfax*, 634 F.2d 1126, 1132 (8th Cir. 1980) (the court found sufficient other evidence on which to revoke parole even if the Commission had erred in considering grand jury evidence of a crime of which defendant had been acquitted by a jury).

C.    **The Government did not violate Hines's due process rights by failing to provide a constitutionally sufficient statement of reasons for revoking his parole.**

Finally, Hines contends the USPC violated his right to due process by failing to provide a constitutionally sufficient statement of reasons for revoking his parole.

"'Parole arises after the end of the criminal prosecution, including imposition of sentence. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions. Even though the revocation of parole is not a part of the criminal prosecution, the loss of liberty entailed is a serious deprivation requiring that the parolee be accorded due process." *See Gagnon v. Scarpelli*, 411 U.S. 778, 781 (U.S. 1973) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (U.S. 1972)).

The decision under consideration at the final revocation hearing is the ultimate decision to revoke, for which the "minimum requirements of due process" are: (a) written notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a neutral and detached hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as

to the evidence relied on and reasons for revoking (probation or) parole. *See Gagnon*, 411 U.S. at 786 (citing *Morrissey*, supra, at 488-89).

To satisfy minimum due process requirements, a statement of reasons should be sufficient to enable a reviewing body to determine whether parole has been denied for an impermissible reason, or for no reason at all. Detailed findings of fact are not required, provided the Board's decision is based upon consideration of all relevant factors and it furnishes to the inmate both the grounds for the decision and the essential facts upon which the Board's inferences are based. *See Davis v. United States Parole Commission*, 1990 WL 254943, at *3 (D. Kan. 1990).

The Commission is required to "state with particularity the reasons" for a denial of parole. *See* 28 C.F.R. § 2.13(c) ("At the conclusion of the hearing, the examiner shall discuss the decision to be recommended by the examiner, and *the reasons therefor*, except in the extraordinary circumstance of a complex issue that requires further deliberation before a recommendation can be made.") *See Furnari v. Warden, Allenwood Federal Correctional Institution*, 218 F.3d 250, 256 (3d Cir. 2000).

Hines received all procedural process to which he was due. The record includes a written statement by the factfinder as to the evidence relied on (Hines's admission that he had been using drugs, his drug test results, and his mental health and substance abuse treatment), and the reasons for finding that Hines had

violated his conditions of parole (his admission that he had been using dangerous, habit-forming drugs).[7]  ECF No. 21-1 at 21-22, 44.

## III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Hines's § 2241 *habeas* petition be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.  No other briefs (such as supplemental objections, reply briefs etc.) may be filed.  Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged.  Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court,**

---

[7] The Court has not considered the substantial evidence and reasons discussed by the Hearing Examiner in finding Hines violated his parole by committing Voluntary Manslaughter.  ECF NO. 21-1 at 22-43.

14

except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this ___5th___ day of November 2021.

Joseph H.L. Perez-Montes
United States Magistrate Judge